**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 1, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60067
_____

STEPHEN MICHAEL COMBS,

Plaintiff-Appellee,

versus

JAMES HOLMAN, ETC.; ET AL.,

Defendants,

NORRIS W. KENNEDY, Officially and Individually,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Mississippi
3:00-CV-36-L-N

---

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On this appeal following a bench trial, we review the district court's findings of fact, including whether an officer has acted with deliberate indifference, under a clearly erroneous standard. Gates v. Cook, 376 F.3d 323, 333 (5th Cir. 2004). The district court's findings of fact will not be disturbed unless, after reviewing the entire record, this court is "left with the definite and firm conviction that a mistake has been committed."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Rodriguez v. Bexar County, Texas</u>, 385 F.3d 853, 860 (5th Cir. 2004) (quoting <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 573 (1985)).  Once the facts are established, the question whether the facts found by the district court constitute a constitutional violation is reviewed de novo.  <u>Gates</u>, 376 F.3d at 333.  After reviewing the full record, the district court opinion and briefs, and hearing oral argument, we find no reversible error as to the factual findings and liability holding against Norris Kennedy for his conduct in this incident.

Kennedy also challenges the district court's damages award as duplicative.  As damages constitute factual findings, we review the damages award for clear error.  <u>Lebron v. United States</u>, 279 F.3d 321, 325 (5th Cir. 2002).  Damages awarded under 42 U.S.C. § 1983 are governed by common law tort principles.  <u>Sockwell v. Phelps</u>, 20 F.3d 187, 192 (5th Cir. 1994).  Here, the district court gave four specific awards: "(1) $25,000 for past and present personal injuries; (2) $30,000 for past and present pain and suffering; (3) $55,000 for past and present emotional damages; and (4) $165,000 for permanent injury and future pain, suffering and emotional damage."  Dist. Ct. Op. at 3.  Although this award appears inconsistent initially, it comports with the law.  The Supreme Court allows recovery for actual damages as well as mental and emotional distress.  See <u>Memphis Community Sch. Dist. v. Stachura</u>, 477 U.S. 299, 306-07 (1986).  The district court appa-rently awarded the first category of damages to compensate Combs

2

for his disfigurement, the second and third categories for, inter alia, the pain and suffering and emotional damages suffered during the incident, and the fourth category as a collective award for future injury, medical expenses, pain and suffering, and emotional damages.  In light of the thorough factual findings by the district court, this damages award is not clearly erroneous.  The judgment of the district court is **AFFIRMED**.